IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCELROY FAMILY VERSAILLES INVESTMENTS LIMITED PARTNERSHIP, JONATHAN PERLMAN, § § § § | § § | CIVIL ACTION NO. |
| Plaintiffs, | § | 3:06-CV-2176-K |
| v. | § § | |
| CREATOR CAPITAL LIMITED, et. al. | § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Creator Capital Limited ("CCL") and Deborah Fortescue-Merrin's ("Merrin")(collectively "Defendants") First Amended Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 15) and Objections to Plaintiffs' Evidence (Doc. No. 26). The Court hereby **DENIES** Defendants' motion to dismiss because Defendants' contacts with the State of Texas are sufficient for the Court to assert specific personal jurisdiction over them. Defendants' Objections to Plaintiffs Evidence are treated as a Motion to Strike Plaintiffs' Evidence which is hereby **DENIED**.

**I. Factual Background**

McElroy Family Versailles Investments Limited Partnership ("McElroy") and

Jonathan Perlman ("Perlman") (collectively "Plaintiffs") purchased stock in the defendant companies in early 2006. In connection with the stock purchases, Plaintiffs allege that Defendants violated state and federal securities law, violated the Texas Deceptive Trade Practices Act, and committed common law fraud. Plaintiffs are Texas residents. Defendant CCL is an entity organized under the laws of Bermuda. Defendant Merrin is a resident of Canada. Subject matter jurisdiction is based upon diversity of citizenship. Defendants moved to dismiss for lack of personal jurisdiction arguing that they do not have sufficient minimum contacts to be subject to suit in the State of Texas.

## II.  Personal Jurisdiction Legal Standard

A federal district court may exercise personal jurisdiction over nonresidents if (1) the forum's long-arm statute confers personal jurisdiction over the defendants, and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment in the United States Constitution. *Freudensprung v. Offshore Technical Servs., Inc.,* 379 F.3d 327, 343 (5th Cir. 2004). Texas's long-arm statute extends the exercise of jurisdiction to the full limits allowed by the Due Process Clause of the Fourteenth Amendment. *Id.* Therefore, in order for this Court to properly exercise jurisdiction over nonresident defendants, the Court must comply with the Due Process Clause which requires: (1) the nonresident defendant must have minimum contacts with the forum state and (2) subjecting the nonresident defendant to the jurisdiction must be consistent with traditional notions of fair play and substantial

justice. *Id.* The unilateral activity of third parties or those who claim a relationship with the nonresident defendant does not satisfy the minimum contacts requirement. *Helicopteros Nationales De Columbia v. Hall,* 466 U.S. 408, 417 (1984). Accordingly, the nonresident defendant's contacts with this forum must be such that the nonresident defendant reasonably anticipates being haled into court here. *Growden v. Ed Bowlin & Assoc.,* 733 F.2d 1149, 1151 (5th Cir. 1984). Sufficient minimum contacts may give rise to general or specific jurisdiction, and each defendant's contacts must be analyzed separately. *Id.; Rush v. Sauchuck,* 444 U.S. 320, 331 (1980).

A court may exercise general jurisdiction when the nonresident defendant's contacts with the forum state, although not related to the present litigation, are substantial, continuous and systematic. *Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 217 (5th Cir. 2000)(citing *Helicopteros,* 466 U.S. at 414). For the Court to maintain general jurisdiction over Defendants, due process requires minimum contacts of a more extensive nature and quality than those required to establish specific jurisdiction. *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.,* 249 F.3d 413, 419 (5th Cir. 2001).

When determining whether it has specific jurisdiction over a defendant, the Court considers the relationship between the defendant, the forum and the litigation. *Freudensprung,* 379 F.3d at 343. The Court may exercise specific jurisdiction over Defendants if they (1) purposefully directed their activities toward this state or

purposefully availed themselves of the privileges of conducting activities here; and (2) the controversy arises out of or is related to Defendants' contacts with this state. *Id.*

Additionally, exercising personal jurisdiction over nonresident defendants must not offend traditional notions of fair play and substantial justice. *Stuart v. Spademan,* 772 F.2d 1185, 1192-93 (5th Cir. 1985). To make this determination, the Court considers the burden on the defendant, the plaintiff's interest in obtaining relief, and the interests of the several states. *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 377 (5th Cir. 1987).

When the Court does not conduct an evidentiary hearing, the party seeking to assert personal jurisdiction is required only to present sufficient facts to make out a prima facie case. *Central Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). The Court will accept as true any uncontroverted allegations in the Complaint and will resolve any factual conflicts arising out of affidavits in favor of the party seeking jurisdiction. *Id.*

### III. CCL and Merrin's Motion to Dismiss for Lack of Personal Jurisdiction

Defendants contend that this Court lacks personal jurisdiction over them because CCL and Merrin, nonresidents, never conducted any business in Texas and therefore do not have sufficient contacts with the forum state. Plaintiffs argue that the activities of CCL's President and CEO, David Borg, are sufficient to establish the contacts necessary to sustain specific jurisdiction.

It is undisputed that David Borg, while serving as President and C.E.O. of CCL, came to Dallas in early September 2006 to solicit sales of CCL stock to Plaintiffs and other potential investors. It is also undisputed that Borg returned to Dallas in early October 2006 to follow up on the previous discussions regarding the potential sale of CCL stock to Plaintiffs. It was while in Dallas, Texas that Plaintiffs allege that Borg made material misrepresentations during the negotiations. These alleged misrepresentations form the basis of this suit and therefore support the Court's exercise of specific personal jurisdiction. *See Id.* (holding that specific jurisdiction exists where nonresident corporation sent representatives to forum state to solicit business because the underlying suit arose out of the meetings in the forum state).

Defendants respond by arguing that Borg did not have authority to transact business on behalf of CCL while he was in Texas. Defendants' conclusory claim that Borg lacked authority, however, is insufficient to defeat jurisdiction. Because it is undisputed that Borg was President and C.E.O. of CCL when he met with Plaintiffs in Texas, Plaintiffs have met their burden of presenting a prima facie case for jurisdiction. *Id.* at 380. In addition to Borg's activities in Texas, it is also undisputed that Alex Downie, Borg's predecessor as President and C.E.O. of CCL, and Merrin made numerous phone calls and sent numerous emails to Plaintiffs in Texas in an effort to sell CCL stock, and thereby "reached out" to the forum state. *See Burger King Corp. v. Rudzewicz*, 461 U.S. 462 (1985) (holding that defendant was subject to jurisdiction in

forum state because he "reached out" to forum state by negotiating with a forum state corporation for a prospective business deal and communicating with the corporation by mail and by telephone).

When CCL, through its President and C.E.O., traveled to Texas to solicit the Plaintiffs to invest in it, CCL purposefully directed its activities toward Texas and purposefully availed itself of the privilege of conducting business in Texas. The underlying suit arises out of and relates to alleged misrepresentations made in Texas. Moreover, subjecting CCL to personal jurisdiction in a Texas, a State where it is alleged to have committed a tort, does not offend traditional notions of fair play and substantial justice. Therefore, this Court has specific personal jurisdiction over Defendants. The Plaintiffs pleadings do not raise the issue of general jurisdiction and the Court need not address that issue based upon it's finding of specific jurisdiction.

## IV. Conclusion

The Court **DENIES** Defendants' First Amended Motion to Dismiss for Lack of Personal Jurisdiction. The Court **DENIES** Defendants' Motion to Strike Plaintiffs Evidence.

**SO ORDERED**.

Signed August 9th, 2007.

ED KINKEADE
UNITED STATES DISTRICT JUDGE